IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUCAS CANTON SCHNEIDER,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNKNOWN NAMED F.B.I. AGENTS,<br><br>　　　　　Defendants. | Case No. 3:23-cv-00261-JMK |

### ORDER OF DISMISSAL

On November 8, 2023, Lucas Canton Schneider, a self-represented prisoner, filed a civil rights complaint ("Complaint") against unknown agents of the Federal Bureau of Investigations, a civil cover sheet, and an application to waive the filing fee.[1] Plaintiff alleges his rights to "due process / deprivation of life" were violated by agents of the Federal Bureau of Investigations ("F.B.I.") between October 20, 2023, and November 8, 2023.[2] For relief, Plaintiff seeks an unknown amount of damages, $1,000,000.00 in punitive damages, and an order requiring defendants to "stop poisoning and harassing and reinstate [his] medical rights."[3] Plaintiff has subsequently filed nine motions.[4] The Court screened the Complaint

---

[1] Dockets 1–3.

[2] Docket 1 at 3.

[3] Docket 1 at 5.

[4] Dockets 6–14.

in accordance with 28 U.S.C. §§ 1915(e) and 1915A and finds that it fails to state any cognizable claims. Therefore, the Complaint is dismissed for failure to state a claim upon which relief could be granted.

## DISCUSSION

Plaintiff's claims are not new to the federal courts. While the instant Complaint includes allegations of recent harms incurred since Plaintiff was released from prison, his claims all relate to the same theory of ongoing conspiracy by unnamed individuals.[5] The Court takes judicial notice of the previous lawsuits filed by Plaintiff.[6] As evidenced in his filings, Plaintiff believes that, among others, the Federal Government, the Alaska Department of Corrections, doctors, lawyers, and some taxi drivers, are involved in a conspiracy to subject him to chemical exposure, poisoning, dental issues, freezing cold temperatures, theft, financial abuse, and torture.[7] In the instant case, Plaintiff names two unknown FBI agents. However, throughout the filings, he includes allegations against individuals not named as defendants, events not reasonably related to or involving the named

---

[5] *See, e.g., Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); a court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[7] Dockets 1–12.

Case No. 3:23-cv-00261-JMK, *Schneider v. Unknown Named F.B.I. Agents*
Order of Dismissal
Page 2 of 4
Case 3:23-cv-00261-JMK   Document 15   Filed 02/09/24   Page 2 of 4

Defendants, and repeats meritless claims raised in previous cases. Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the directions of the Court.

As the Court has previously explained, a plaintiff cannot bring a Section 1983 claim against federal authorities.[8] Additionally, naming unknown defendants—or the use of "John Doe" to identify a defendant—generally is not favored.[9] Further, to establish Article III standing, a plaintiff must show that (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[10]

The Court has carefully reviewed all of Plaintiffs filings. Even liberally construed, Plaintiff's claims lack an arguable basis in law and fact. Plaintiff fails to allege any facts supporting his conclusory allegations of a conspiracy; and overall, his allegations are fanciful, exaggerated, and implausible.[11] Because Plaintiff

---

[8] *See Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("Section 1983, however, provides no right of action against federal (rather than state) officials.").

[9] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). *See also* Fed. R. Civ. P. 10(a) (requiring plaintiff to include the names of the parties in the action).

[10] U.S. Const. Art. 3, § 2, cl. 1.

[11] *Travaglia v. Johnston*, 42 F.3d 1402 (9th Cir. 1994). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (the term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Case No. *3:23-cv-00261-JMK, Schneider v. Unknown Named F.B.I. Agents*
Order of Dismissal
Page 3 of 4
Case 3:23-cv-00261-JMK   Document 15   Filed 02/09/24   Page 3 of 4

again fails to present viable claims for the Court's adjudication, the Court finds amendment would be futile.[12] Therefore, the Court will not grant leave to file an amended complaint. Finally, as with Plaintiff's past motions, Plaintiff has not demonstrated that either expedited relief or a temporary injunction from the Court are warranted.[13] Therefore, Plaintiff's motions at Dockets 6 and 8–14 are DENIED.

**IT IS THEREFORE ORDERED**:

1. This action is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall issue a final judgment.

DATED this 9th day of February, 2024, at Anchorage, Alaska.

> */s/ Joshua M. Kindred*
> JOSHUA M. KINDRED
> UNITED STATES DISTRICT JUDGE

---

[12] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). *Cf. McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (a complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims.").

[13] *See, e.g., Schneider v. Dahlstrom, et al.,* Case No. 3:21-cv-00170-RRB, Docket 10; *Schneider v. Britt,* Case No. 3:22-cv-00283-JMK, Docket 15; *Schneider v. Winkelman et al.,* Case No. 3:22-cv-00284-JMK, Dockets 13, 24.